| | |
|---|---|
| GRACIE HUNT, | ) |
| | ) |
| Plaintiff, | ) Case No._____ |
| vs | ) |
| | ) |
| Lowes's Home Centers, LLC | ) |
| | ) |
| and | ) |
| | ) |
| Whirlpool Corporation, | ) |
| | ) |
| Defendants, | ) |

## COMPLAINT

Plaintiff, Gracie Hunt, and for her complaint against the Defendants, Lowe's Home Centers, LLC and Whirlpool Corporation, alleges on knowledge as to her own actions and otherwise upon information and belief, as follows:

### JURISDICTION

1. This Court has jurisdiction over the action pursuant to 28 U.S.C. & 1332(a)(1), in that this is a civil action between a citizen of Tennessee and citizens of another state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### <u>VENUE</u>

2. Venus is proper under 28 U.S.C. & 1391(a)(2), as the events giving rise to this cause of action occurred in substantial part of this district.

### <u>PARTIES</u>

3. Plaintiff, Gracie Hunt, is an individual who resides in Giles County, Tennessee.

4.      Upon information and belief, Defendant Lowe's Home Centers, LLC , (Lowe's) is a Mooresville, North Carolina corporation and has its principal place of business in Mooresville, North Carolina. Agent for Lowe's is Corporation Service Company located at 2908 Poston Avenue, Nashville, Tennessee.

5.      Defendant Whirlpool Corporation, (Whirlpool) is a Delaware corporation and has its principal place of business in Benton Harbor, Michigan. Agent for Whirlpool is Corporation Service Company located at 2908 Poston Avenue, Nashville, Tennessee.

## FACTS

7.      On or about January 24th, 2015 Plaintiff purchased a freezer manufactured by Defendant Whirlpool from the Defendant Lowe's Home Center in Shelbyville, Tennessee.

8.      The said freezer was delivered by Lowe's Home Center to the Plaintiff's home in Giles County, Tennessee on January 24, 2015 and was installed by the employers of Lowe's.

9.      On January 25, 2015 Plaintiff woke up in the middle of the night with a severe headache, nose throat and lungs were burning. Plaintiff could hardly breath.

10.     Plaintiff's throat was swollen to the point that she could not talk.

11.     Thereafter, on January 25, 2015 Plaintiff was taken to the Southern Regional Medical Center in Pulaski where she was admitted and received breathing treatments and blood work.

12.     Thereafter, Plaintiff had congestive heart failure and she was transported to Maury Regional Medical Center in Columbia, TN where she received Intensive Care and she was put on a " by pap breathing machine" on or about January 30, 2015.

13.  Plaintiff continued to receive treatments and physical therapy and other treatments at Maury Regional Medical Center until February 6, 2015 when she was released to NHC Healthcare in Pulaski, Tennessee.

14.  Plaintiff remained in NHC Healthcare until on or about March 6, 2015 receiving physical and occupational therapy.

15.  Plaintiff suffered from pain and suffering and mental anguish . Plaintiff was faced with a near death experience.

16.  As a result of the injury Plaintiff incurred medical expenses at Maury Regional Medical Center, Southern Regional medical Center and NHC Nursing Home.

17.  Plaintiff had a loss of wages in the amount of $10,853.00 from January 25, 2015 to June 1, 2015 when she returned to work .

18.  Plaintiff contacted Lowe's Home Center, in Shelbyville, TN and they came and picked up the dangerous freezer and replaced with another new Whirlpool freezer .

19.  Kerry McMickon, manager of Lowe's Home Center in Shelbyville, called and told the plaintiff that the freon line had a crack where the freon escaped.

## PRODUCTS LIABILITY CLAIM

21.  The freezer is a tangible object.

22.  The freezer is a "product" at that term is defined by section 29-28-102(5) of the Tennessee Code.

23.  Whirlpool Corporation was the freezer " manufacturer," at that tem is defined by section 29-28-102(4) of the Tennessee Code.

24.  Lowe's Home Centers, LLC was the "seller," as that term is defined by section

29-28-102(7) of the Tennessee Code.

25. The freezer failed to perform in a manner reasonably expected in light of its nature and intended function when it leaked freon throughout the home.

26. The freezer in Gracie Hunt's home had not been misused after its sale and prior to its failure.

27. The freezer was within its expected useful life at the time of the leak in fact the freezer was new.

28. The freezer failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition with this product.

29. Specifically, the Freezer was unreasonably dangerous and / or defective in that:

   a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics; and/or

   b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

30. That unreasonably dangerous condition and / or defect proximately caused the injuries described above to the Plaintiff, in violation of the Tennessee Products Liability Act of 1978, Tennessee Code Ann.&& 29-28-101 *et seq.*

## COUNT I

**Strict Liability In Tort Under The Tennessee Products Liability Act Of 1978**

31. Plaintiff avers that Defendants, Whirlpool and Lowes are guilty of violating the Tennessee Products of Liability Act of 1978, codified at Tenn. Code Ann & 29-28-102 and thereby strictly liable for all damages suffered by the Plaintiff therefrom, in that Defendant:

a. supplied a freezer with freon that was in a defective condition or unreasonably dangerous at the time it left control of Defendant's Whirlpool Corporation and Lowe's.

b. possessed such scientific and technical knowledge at the time the product was placed on market that it knew or, in exercise of reasonable care, should have known of the defective or dangerous condition of the product; and

c. whether intentionally or negligently, Defendants, Whirlpool and Lowes, failed to discover the dangerous or defective condition of said product at the time it left control of the Defendants, Whirlpool and Lowe's.

## COUNT II

### Negligence

32. Plaintiff re- allege all previous paragraphs.

33. Each defendant introduced the defective freezer described here into the stream of commerce. At all material times, each defendant had a duty to Plaintiff to exercise reasonable care to design, manufacture, produce, test, study, inspect, mix, label, market, advertise, sell promote, and distribute this freezer. This included a duty to warn of the associated risk of serious bodily injury and/or death arising therefrom, a duty which was breached by said defendants.

34. Each defendant knew, or in the exercise of reasonable care should have known, that the freezer was of such nature that it was not properly designed, manufactured, produced, tested, studied, inspected, mixed, labeled, marketed, advertised, sold promoted, and distributed, and thereby said freezer posed an unreasonable risk of serious bodily injury

and/or death likely to consumers including the plaintiff who used the product in a reasonably foreseeable manner.

35. Each defendant was negligent in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and distribution of the propane described herein and breached duties it owed to the plaintiff.

a. Failed to accompany its product with proper warnings regarding the possibility of the associated risk of serious bodily injury and/or death arising there from;

b. Failed to use due care in the testing and inspection of its consumer freezer to prevent the after mentioned risks to individuals when the freezer was used;

c. Failed to use due care in the manufacture of its consumer product to prevent the unreasonable risk of serious bodily injury or death to individuals purchasing and using the freezer product in reasonably foreseeable manner.

d. Failed to use due care in the inspection of its freezer, thereby imposing an unreasonable risk of serious bodily injury or death on Plaintiff.

e. Failed to use due care in the labeling the freezer so as to adequately warn and thereby prevent the unreasonable risk of harm to individuals such as the Plaintiff when the product was used by the Plaintiff or others in a reasonably foreseeable manner.

f. Failed to use due care in the marketing of the consumer freezer product to prevent the aforementioned risks to individuals when the product was used in a unreasonably foreseeable manner. Namely, Defendants touted the exceptional safety of the freezer product in advertising aimed at consumers such as Plaintiff, and expressly mentioning " safety", "100% inspection policy" and on the terms that proved to be in the present instance, false and materially misleading.

g.  Failed to use due care in the promotion of its consumer propane product so as to prevent the unreasonable risk of harm to individuals when the product was uses in a reasonably foreseeable manner;

h.  Failed to use due care in selling of its freezer so as to prevent the unreasonable risk of serious bodily injury or death to individuals when the product was used in a reasonably foreseeable manner;

i.  Failed to warn adequately about the possibility of serious bodily injury or death to individuals when the product was used in a reasonably foreseeable manner;

j.  Was otherwise careless and negligent.

36. It was foreseeable to each defendant that consumers, including plaintiff, would suffer injury as a result of defendant's failure to exercise ordinary care.

37. As direct and proximate result of each defendant's conduct. Gracie Hunt suffered severe injuries with substantial injuries and damages specified herein.

## COUNT III

### Strict Liability: Failure to Warn

38. Plaintiff re-alleges all previous paragraphs.

39. Each defendant manufactured, sold, and supplied the freezer described herein, and at all material times was in the business of doing so. Each defendant placed said product into the stream of commerce. The consumer freezer was expected to, and did, reach Gracie Hunt without substantial change in condition. Gracie Hunt used the product in a reasonably foreseeable and customary manner and in so doing it caused grievous injuries and certain permanent disabilities to her.

40. When each defendant placed the freezer product into the stream of commerce,

they failed to accompany said product with adequate warnings. Each defendant failed to warn of the true risk and dangers associated with the said product. Particularly the defendants failed to warn consumers of the inherent risk that the freezer might be deficient.

41. Due to inadequate warnings all alleged herein, at the time the freezer left each defendant's hands, said product was in a condition not contemplated by the plaintiff or other reasonable consumers and was dangerous to an extent beyond that which would be contemplated by the ordinary consumer. Furthermore, given the unreasonably dangerous and defective condition in which it was introduced by the defendants into the stream of commerce, especially in the absence adequate warning labels, the risk of exposing consumers to said product outweighed its utility.

42. Defendants' consumer freezer described herein defective and unreasonably dangerous.

43. Had each defendant provided adequate warnings and instructions, plaintiff would not have attempted to use the product under the circumstances and would not have suffered the personal injuries and permanent damages ensued.

44. As a direct and proximate result of each defendant's conduct, plaintiff suffered the injuries and damages specified herein.

## COUNT V

### Strict Liability: Rest. 2nd & 402B

45. Plaintiff re-alleges all previous paragraphs.

46. Section 402B of the Restatement (Second) of Torts provides that a defendant engaged in the business of selling chattels who, by advertising, labels, or otherwise, makes to the public a misrepresentation of a material fact concerning the character

or quality of a chattel sold by them is subject to liability for physical harm to a consumer of the chattel caused by justifiable reliance upon misrepresentation, even though it is not made fraudulently or negligently, and the consumer has not bought the chattel from or entered into any contractual relation to seller.

47. Defendants materially misrepresented the freezer to the consuming public as inherently safe.

48. Simultaneously, Defendant, Whirlpool in a well-conceived, methodical, and calculated plan in marketing the freezer to retailers through the conduct of Defendant Lowe's. Advertisements targeted at retail outlets explicitly referred to convenience, safety, ease of implementation, and increased revenue opportunities to be enjoyed by retailors of the freezer. Defendant, Whirlpool went so far as to supply all necessary training and sales materials in order to recruit retailors into the consumer product distribution network.

49. Defendant, Whirlpool, because of its superior knowledge and experience in the manufacture, production, packaging, and marketing of the freezer, knew or should have known of the inherent danger or negligently allowed Whirlpool in this cause to introduce a dangerous and defective product into the stream of commerce. In doing so, Defendant, Lowe's of conduct resulted in serious injuries and permanent, life altering disability to Plaintiff.

## COUNT IV

### Breach of Implied Warranties

50. Plaintiff re-alleges all previous paragraphs.

51. At the time each defendant designed, manufactured, produced, tested, studied,

inspected, mixed, labeled, marketed, advertised, old, promoted, and distributed the freezer, each defendant knew of the use for which said product was intended, and impliedly warranted its product to be of merchantable quality and safe and fit for its intended use.

52. In reality, however, defendants', freezer was not of merchantable quality or safe or fit for its intended use because said product, as supplied to Plaintiff was unreasonably dangerous and unfit for the ordinary purposes for which it was used, as hereinbefore alleged.

53. As a direct and proximate result of each defendant's conduct, plaintiff Gracie hunt suffered injuries and damages specified herein.

## COUNT VII

### Punitive Damages

54. Plaintiff re-alleges all previous paragraphs.

55. Each defendant's actions, described above, were performed with malice and/or in conscious and reckless disregard for the rights of Gracie Hunt and consumers who purchased and used Defendant's freezer product in mistaken belief it was reasonably safe and free of and defective and dangerous condition. Each defendant's failure to investigate and warn against the risk of serious bodily injury, death or disability resulted in severe injuries to the Plaintiff, and substantial risk to the consuming public in Tennessee alone. Further, each defendant's conduct in continuing as long as it keeps its consumer freezer on the market without remedial measures such as appropriate warning labels addressing the possibility of freon escaping into the home of the consumer.

56. At a minimum, each defendant's acts and omissions, when viewed objectively

from the standpoint of each defendant at the time of occurrence, involved in extreme degree of risk, considering the probability and magnitude of the potential harm to others and negligible dollar of addressing the potential risk of freon escaping to the consuming public. Each defendant had actual and subjective awareness or the risk involved but nevertheless proceeded to market the whirlpool freezer product with conscious indifference to the rights, safety and welfare of others, including plaintiffs. Accordingly, plaintiffs are entitled to punitive damages against each defendant.

## RELIEF REQUESTED

57. Wherefore Gracie Hunt respectfully request that she be awarded under $ 500,000.00 in damages against both Defendants.

58. That the Plaintiff be awarded punitive damages.

This is the 6 day of Oct, 2015.

Respectfully Submitted,

By: _____
Gene Hallworth (TBA# 4051)
Attorney for Gracie Hunt
714 Trotwood Avenue
P.O. Box 938
Columbia, Tn. 38401
Phone: 931-381-9900
Fax: 931-381-0788
Email: hallworthg@aol.com